IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 06-00022-02-CR-W-NKL |
| CHARLES L. WILSON, | ) | |
| | ) | |
| Defendant. | ) | |

### DETENTION ORDER

On January 6, 2006, the government moved to detain defendant Charles Wilson pending trial, and on January 10, 2006, I held a detention hearing. I find by clear and convincing evidence that defendant poses a danger to the community and that no single condition of release or combination of conditions of release will reasonably assure the safety of the community.

*I.  BACKGROUND*

On January 4, 2006, an indictment was returned charging defendant with conspiracy to distribute crack cocaine and with three counts of distribution of crack cocaine. Defendant appeared before me for a first appearance on January 6, 2006. During the first appearance proceeding, counsel for the government filed a motion for a detention

hearing and a motion to continue the hearing for three days. Those motions were granted, and defendant was remanded to the custody of the United States Marshal pending the hearing.

A detention hearing was held on January 10, 2006. Defendant was present and represented by Gordon Atcheson. The government was represented by Assistant United States Attorney Mike Oliver. The parties stipulated that the court consider the information in the Pretrial Services Report of Pretrial Services Officer Dana Chance as the testimony she would give, under oath, if called as a witness. I took judicial notice of the statutory presumption against release. The government called FBI Special Agent Mike Oyler as a witness. The defendant made the following proffer: He has no recollection of the arrests for armed robbery, weapons offenses, and drug offenses listed in his criminal history, although he stipulated that the Pretrial Services Officer would testify that those arrests do appear on his reported criminal history.

## II. *FINDINGS OF FACT*

On the basis of the information contained in the report of Pretrial Services Officer Dana Chance and the evidence presented at the hearing, I find that:

1.      Defendant, 34, is a lifelong resident of Kansas City.  He has lived his entire life with his grandmother, but he often stays at his girl friend's home or with his mother.

2.      Defendant's mother, father, and three siblings all live in Kansas City.  Defendant has never been married but has 11 children from seven prior relationships.  He maintains contact with seven of his children.  He provides no court-ordered child support.

3.      Defendant has an 11th grade education.  He has been unemployed since 2002.  In 2003 he began receiving $603 per month in disability as a result of a shooting.  He has no significant work experience.  Defendant has no financial assets, and his financial liabilities include $10,000 in medical bills.

4.      Defendant has been involved in three separate shootings occurring in 2002 and 2003.  He suffered a total of 14 gun shot wounds.  Defendant began smoking marijuana daily at age 17 and last used it the day before he surrendered.  He reported that he consumes alcohol on the weekends and noted four prior DUI arrests.

5.      Defendant's criminal history includes the following:

| Date | Charge | Disposition |
| --- | --- | --- |
| 02/28/89 | Trespassing | Guilty |
| 07/05/89 | Display weapon | Dismissed |

| 07/25/89 | Narcotics violation | Released |
| 10/10/89 | Carrying a weapon | Nolle pros |
| 0102/90 | Possession of controlled substance | Dismissed |
| 02/19/90 | Auto theft | Released |
| 05/17/90 | Narcotics violation | Released |
| 11/11/91 | Armed robbery | Released |
| 08/08/92 | Misc. city violation | Pay resolve |
| 06/12/93 | Disorderly conduct | Pay resolve |
| 06/22/94 | Possession of marijuana | Nolle pros |
| 11/11/94 | Violation of animal ordinance | Guilty |
| 01/26/95 | Sale of drugs | Released |
| 11/03/95 | Simple assault | Dismissed |
| 07/11/96 | Possession of marijuana | Nolle pros |
| 08/21/99 | Auto theft | Released |
| 11/17/99 | Misc. city violation | Guilty |
| 06/09/01 | Misc. city violation | Pay resolve |
| 09/24/01 | Tampering | Released |
| 01/17/03 | Felony DUI | Released |
| 03/28/04 | Possession of marijuana | Unknown |
| 02/20/05 | DWI/Alcohol | Pending **(Felony)**, released on $5,000 bond, next court date 1/30/06 |
| 04/27/05 | Possession of controlled substance | Released |

4

6. During an interview with law enforcement authorities, one Marshal Zamora stated that he purchased 15 to 20 kilograms of cocaine from Robert Abbott through defendant. Zamora pled guilty and testified against Abbott who was convicted.

7. Sal Pruitt was another customer of Robert Abbott. He purchased cocaine, turned it into crack cocaine, and then sold it in Nebraska and Minnesota. He told law enforcement authorities that he heard Abbott complain to defendant's brother that a cocaine customer of his was not paying fast enough, and he was thinking about hiring defendant to take care of this person.

8. If convicted, defendant faces a possible prison sentence of 40 years.

### III. *CONCLUSIONS*

I find by clear and convincing evidence that no single condition or combination of conditions of release will reasonably assure the safety of the community. Defendant is charged with a crack cocaine conspiracy and multiple counts of distributing crack cocaine, all of which occurred while defendant was on bond in another criminal case. Police investigation reveals that defendant has been involved in drug activity

since at least 2002. Defendant has a long criminal history including arrests for drugs, firearms, driving under the influence, and armed robbery. Defendant has used marijuana daily for 17 years, he was a person considered for taking care of a problem drug customer, and he sold 15 to 20 kilos of cocaine to Marshal Zamora alone. In addition, I find that defendant has failed to rebut the presumption provided for in 18 U.S.C. § 3142(e) that there is no condition or combination of conditions of release that will reasonably assure the safety of the community.

It is, therefore

ORDERED that the defendant be committed to the custody of the Attorney General or his authorized representative for detention pending trial. It is further

ORDERED that defendant be confined in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. It is further

ORDERED that the Attorney General or his authorized representative ensure that the defendant is afforded reasonable opportunity for private consultation with his counsel. It is further

ORDERED that, on order of a court in the Western District of Missouri, the person in charge of the corrections facility where defendant is confined deliver the defendant to a United States Marshal for his appearance in connection with a court proceeding.

                               /s/ Robert E. Larsen
                               ROBERT E. LARSEN
                               United States Magistrate Judge

Kansas City, Missouri
January 10, 2006

7

Case 4:06-cr-00022-GAF   Document 34   Filed 01/10/06   Page 7 of 7